## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

FALLS LAKE NATIONAL INSURANCE
COMPANY,

      Plaintiff,

v.                                       CASE NO:

AJD BUSINESS SERVICES, INC.,
RUSSEL ROGATENKO AND MELISSA
DZION,

      Defendants.

_____/

### COMPLAINT FOR DECLARATORY RELIEF

FALLS LAKE NATIONAL INSURANCE COMPANY ("Falls Lake") files suit against

AJD BUSINESS SERVICES, INC. ("AJD"), RUSSEL ROGATENKO, and MELISSA DZION,

and alleges:

### NATURE OF THE ACTION

1.      Falls Lake paid its full policy limit of $1,000,000 and obtained a General Release

and Settlement Agreement on behalf of its insureds in connection with an automobile accident.

Recently, a verdict was entered against the insureds for over $1,000,000,000 (ONE BILLION

DOLLARS). Falls Lake seeks a declaration that its policy exhausted so that it has no responsibility

towards the verdict.

### JURISDICTION AND VENUE

2.      Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of

citizenship between plaintiff and defendants and because the amount in controversy exceeds

$75,000, exclusive of attorney's fees and costs.

3.      Venue is proper in this district because the underlying lawsuit was filed in this district, the General Release and Settlement Agreement for policy limits by Falls Lake was in this district, the recent verdict for over $1,000,000,000 was in this district, and "a substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. 1391(b)(2).

4.      All conditions precedent occurred, were waived, or were satisfied.

## THE PARTIES

5.      Falls Lake is an Ohio insurance company with its principal place of business in North Carolina. Falls Lake issued and delivered a Business Auto insurance policy to its named insured AJD.

6.      AJD is a New York corporation with its principal place of business in New York. AJD was named as a defendant in an underlying lawsuit by Melissa Dzion.

7.      Russell Rogatenko is a citizen of Florida. Rogatenko was an employee of AJD and was named as a defendant in an underlying lawsuit by Melissa Dzion.

8.      Melissa Dzion is a citizen of Florida. She sued AJD and Rogatenko. She recently obtained a verdict for over $1,000,000,000.[1]

## THE SETTLEMENT

9.      On 09/04/2017, Rogatenko was driving a tractor trailer for AJD when he was involved in a motor vehicle accident that allegedly resulted in the death of Connor Dzion.

10.      Connor Dzion's Estate and mother filed suit against AJD and Rogatenko in circuit court in Nassau County, Florida, in an action bearing Case No. 2018-CA-000148.

11.      Falls Lake issued and delivered, in New York, a Business Auto policy of insurance to AJD as the Named Insured, bearing Policy Number FLNCA033000014-01, and effective from

---

[1] David Dzion is also listed on the verdict form but his name does not appear in any pleading. There is no Final Judgment at this time.

05/29/2017 to 05/29/2018. (A copy of the policy is attached as Exhibit "A.")

12.     The Falls Lake policy in place at the time of the accident provides a limit of liability of $1,000,000 for "any one accident or loss."

13.     At all times, Falls Lake fully defended AJD and Rogatenko against the lawsuit.

14.     On 08/18/2018, the Estate, Melissa Dzion, and Colin Dzion served Proposals for Settlement on AJD and Rogatenko totalling $2,500,000, which were in excess of the available coverage.

15.     AJD and Rogatenko's defense team, who were retained by Falls Lake to protect AJD and Rogatenko's interests, attempted to negotiate a complete and global resolution of the case within the coverage available under the Falls Lake policy of $1,000,000.

16.     The Estate and Melissa Dzion and their counsel refused to resolve the case globally for only $1,000,000.

17.     AJD and Rogatenko also refused to personally contribute any funds towards a global resolution of the case.

18.     AJD and Rogatenko's defense team nonetheless successfully negotiated the Proposals for Settlement from $2,500,000 down to $1,000,000.

19.     The settlement resulted in a full "General Release and Settlement Agreement" with the Estate and Melissa Dzion for $1,000,000, which was the total available coverage. (A copy of the General Release and Settlement Agreement is attached as Exhibit "B.")

20.     Falls Lake accordingly paid $1,000,000 on behalf of AJD and Rogatenko and fully exhausted the policy.

21.     The only exception to the General Release and Settlement Agreement was a carve out for Negligent Infliction of Emotional Distress by Melissa and Collin Dzion, which Melissa and

Collin Dzion refused to release despite the best efforts of AJD and Rogatenko's defense team.

22.     AJD and Rogatenko also refused to personally contribute any funds towards the claim for Negligent Infliction of Emotional Distress.

## THE VERDICT

23.     Because the policy exhausted, Falls Lake withdrew from participating in the defense of AJD and Rogatenko, which were at all times represented by personal counsel.

24.     Since the exhaustion of the policy in 2019, AJD never challenged the exhaustion of the Falls Lake policy. Since 2019, Rogatenko never challenged the exhaustion of the Falls Lake policy, and since 2019 Melissa Dzion never challenged the exhaustion of the Falls Lake policy.

25.     Over two years later, on 08/20/2021, Falls Lake recently learned that Melissa Dzion obtained a verdict against AJD and Rogatenko for over $1,000,000,000 (ONE BILLION DOLLARS). (A copy of the verdict is attached as Exhibit "C.")

## COUNT I – EXHAUSTION

26.     Falls Lake incorporates Paragraphs 1 through 25.

27.     The policy provides:

## MOTOR CARRIER COVERAGE FORM

### SECTION II — COVERED AUTOS LIABILITY COVERAGE

**A.**    **Coverage**

We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. **Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements**.

(*See* Form CA 00 20 10 13, at Pg. 2/15, bold added.)

28.     Falls Lake settled the estate's wrongful death claim on behalf of AJD and Rogatenko for $1,000,000, which is the total coverage available for the accident.

29.     Falls Lake accordingly has no responsibility for the verdict against AJD and Rogatenko.

## COUNT II – PUNITIVE DAMAGES

30.     Falls Lake incorporates Paragraphs 1 through 25.

31.     Not only was the Falls Lake policy exhausted, but the punitive damages portion of the verdict of $900,000,000 is also uninsurable as a matter of public policy.

## RELIEF REQUESTED

Falls Lake requests that this Court:

    a.  Take jurisdiction and adjudicate the rights of the parties under the policy;

    b.  Declare the following:

        i.   That the Falls Lake policy has been exhausted; and

        ii.  That there is no coverage for the punitive damages assessed against AJD.

    c.  Award Falls Lake all costs incurred to prosecute this action, as well as any other relief this Court deems equitable, just, and proper.

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646