## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

FALLS LAKE NATIONAL INSURANCE
COMPANY,

    Plaintiff,

v.                                                                CASE NO: 3:21-cv-00828

AJD BUSINESS SERVICES, INC.,
RUSSEL ROGATENKO AND MELISSA
DZION,

    Defendants.

_____/

## **AMENDED COMPLAINT FOR DECLARATORY RELIEF**

FALLS LAKE NATIONAL INSURANCE COMPANY ("Falls Lake") files suit against AJD BUSINESS SERVICES, INC. ("AJD"), RUSSEL ROGATENKO, and MELISSA DZION, and alleges:

### **NATURE OF THE ACTION**

1. Falls Lake paid its full policy limit of $1,000,000 and obtained a General Release and Settlement Agreement on behalf of its insureds in connection with an automobile accident. Recently, a Judgment was entered against the insureds for over $1,000,000,000 (ONE BILLION DOLLARS). Falls Lake seeks a declaration that its policy exhausted so it has no responsibility for the Judgment.

## JURISDICTION AND VENUE

2.     Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship between plaintiff and defendants and because the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs.

3.     Venue is proper in this district because the underlying lawsuit was filed in this district, the General Release and Settlement Agreement for policy limits by Falls Lake was in this district, the recent verdict for over $1,000,000,000 was in this district, and "a substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. 1391(b)(2).

4.     All conditions precedent occurred, were waived, or were satisfied.

## THE PARTIES

5.     Falls Lake is an Ohio insurance company with its principal place of business in North Carolina. Falls Lake issued and delivered a Business Auto insurance policy to its named insured AJD with a limit of only $1,000,000.

6.     AJD is a New York corporation with its principal place of business in New York. AJD was named as a defendant in an underlying lawsuit by Melissa Dzion.

7. Russell Rogatenko is a citizen of Florida. Rogatenko was an employee of AJD and was named as a defendant in an underlying lawsuit by Melissa Dzion.

8. Melissa Dzion is a citizen of Florida. She sued AJD and Rogatenko. She recently obtained a judgment for over $1,000,000,000.

## THE SETTLEMENT

9. On 09/04/2017, Rogatenko was driving a tractor trailer for AJD when he was involved in a motor vehicle accident that allegedly resulted in the death of Connor Dzion.

10. Connor Dzion's Estate and mother filed suit against AJD and Rogatenko in circuit court in Nassau County, Florida, in an action bearing Case No. 2018-CA-000148.

11. Falls Lake issued and delivered, in New York, a Business Auto policy of insurance to AJD as the Named Insured, bearing Policy Number FLNCA033000014-01, and effective from 05/29/2017 to 05/29/2018. (A copy of the policy is attached as Exhibit "A.")

12. The Falls Lake policy in place at the time of the accident provides a limit of liability of $1,000,000 for "any one accident or loss."

13. At all times, Falls Lake fully defended AJD and Rogatenko against the lawsuit.

14. On 08/18/2018, the Estate, Melissa Dzion, and Colin Dzion served Proposals for Settlement on AJD and Rogatenko totalling $2,500,000, which were in excess of the available coverage under the Falls Lake policy of only $1,000,000.

15. AJD and Rogatenko's defense team, who were retained by Falls Lake to protect AJD and Rogatenko's interests, attempted to negotiate a complete and global resolution of the case within the coverage available under the Falls Lake policy of $1,000,000.

16. The Estate and Melissa Dzion and their counsel refused to resolve the case globally against AJD and Rogatenko for only $1,000,000.

17. AJD and Rogatenko refused to personally contribute any funds towards a global resolution of the case in addition to the limit of the Falls Lake policy.

18. AJD and Rogatenko's defense team successfully negotiated the Proposals for Settlement from $2,500,000 down to $1,000,000.

19. The settlement resulted in a full "General Release and Settlement Agreement" with the Estate and Melissa Dzion for $1,000,000, which was the total

available coverage. (A copy of the General Release and Settlement Agreement is attached as Exhibit "B.")

20.     Falls Lake, on 02/14/2019, paid $1,000,000 on behalf of AJD and Rogatenko and fully exhausted the policy. (A copy of the settlement check issued by Falls Lake is attached as Exhibit "C.")

21.     The only exception to the General Release and Settlement Agreement was a carve out for Negligent Infliction of Emotional Distress by Melissa and Colin Dzion, which Melissa and Colin Dzion refused to release despite the best efforts of AJD and Rogatenko's defense team.

22.     On 02/19/2019, the Estate and Melissa Dzion dismissed with prejudice the wrongful death claims against AJD and Rogatenko. (A copy of the Notice of Voluntary Dismissal is attached as Exhibit "D.")

23.     AJD and Rogatenko refused to personally contribute any funds towards resolving the claim for Negligent Infliction of Emotional Distress.

## THE JUDGMENT

24.     Because the policy exhausted, pursuant to the terms of the insurance contract, Falls Lake withdrew from participating in the defense of AJD and Rogatenko, which were at all times represented by personal counsel.

25. Since the exhaustion of the policy in 2019, AJD never challenged the exhaustion of the Falls Lake policy. Since 2019, Rogatenko never challenged the exhaustion of the Falls Lake policy, and since 2019 Melissa Dzion never challenged the exhaustion of the Falls Lake policy.

26. Over two years later, on 08/20/2021, Falls Lake learned that Melissa Dzion obtained a verdict against AJD and Rogatenko for over $1,000,000,000 (ONE BILLION DOLLARS). (A copy of the Verdict is attached as Exhibit "E.")

27. On 08/24/2021, the verdict was reduced to a Judgment that includes a $900,000,000 punitive damages award in favor of Melissa Dzion and against AJD. (A copy of the Judgment is attached as Exhibit "F.")

28. Falls Lake, as a courtesy to AJD and Rogatenko, and under a complete reservation of rights, recently retained counsel to challenge the Judgment.

## COUNT I – EXHAUSTION

29. Falls Lake incorporates Paragraphs 1 through 28.

30. The policy provides:

### MOTOR CARRIER COVERAGE FORM

### SECTION II — COVERED AUTOS LIABILITY COVERAGE

**A.    Coverage**

> We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. **Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements**.

(*See* Form CA 00 20 10 13, at Pg. 2/15, bold added.)

31. Falls Lake maximized the coverage under the policy that AJD purchased and fully settled the wrongful death claims on behalf of AJD and Rogatenko for $1,000,000 (ONE MILLION DOLLARS), which is the total coverage available for the accident.

32. Falls Lake accordingly has no responsibility for the judgment against AJD and Rogatenko because the policy has exhausted.

## COUNT II – PUNITIVE DAMAGES EXCLUSION

33. Falls Lake incorporates Paragraphs 1 through 28.

34. The Falls Lake policy provides in pertinent:

**PUNITIVE AND EXEMPLARY EXCLUSION**

This policy is changed by adding the following exclusion:

This policy does not insure against or provide indemnity for fines, penalties, exemplary or punitive damages or any other type or kind

of judgment or award which does not compensate the party benefiting from the award or judgment for any actual loss or damage sustained.

This exclusion applies to all coverages provided under this policy.

(*See* Form IL 70 04 31 04 15, at Pg. 1/1.)

35. Melissa Dzion obtained a $900,000,000 punitive damages judgment against AJD.

36. In addition to the exhaustion of the policy, punitive damages are not covered under the Falls Lake policy.

## COUNT III – COVERAGE FOR PUNITIVE DAMAGES IS AGAINST PUBLIC POLICY

37. Falls Lake incorporates Paragraphs 1 through 28.

38. Not only was the Falls Lake policy exhausted, and not only are punitive damages exclusion, but the punitive damages portion of the $916,000,000 judgment is also uninsurable as a matter of public policy.

## RELIEF REQUESTED

Falls Lake requests that this Court:

    a. Take jurisdiction and adjudicate the rights of the parties under the policy;

    b. Declare the following:

      i.      That the Falls Lake policy has been exhausted; and

      ii.     In addition, that there is no coverage for the punitive damages assessed against AJD.

c. Award Falls Lake all costs incurred to prosecute this action, as well as any other relief this Court deems equitable, just, and proper.

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646